IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Criminal Case No. 08-cr-00510-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERNESTO LUNA-BOLANOS,
   a/k/a Ernesto Reyes Luna,

    Defendant.

---

**ORDER REGARDING DEFENDANT'S OBJECTIONS
TO GOVERNMENT'S TRIAL EXHIBITS**

---

This matter is before the Court on Defendant Ernesto Luna-Bolanos' Objections to Authenticity and Admissibility of Government's Proposed Exhibits (Doc. # 16 & 22). For the reasons explained below, Defendant's Objections are GRANTED pending a hearing on the issues, which is set for **Monday, February 9, 2009 at 8:00 a.m.**

In compliance with this Court's Practice Standards, the Government provided a list of proposed trial exhibits to Defendant. The majority of these exhibits were documents and records from Defendant's Alien File, or "A-File." Defendant objected to each Government exhibit on hearsay and authenticity grounds. He also objected to specific exhibits on other grounds including relevance and unfair prejudice. Defendant's main argument concerns the lack of live testimony regarding the foundation for admissibility and authenticity of records in his A-File. Although the Government has

supplied a declaration of authenticity regarding the A-File records pursuant to Federal Rules of Evidence 803(6) and 902(11), Defendant argues that the Court may not admit the A-File records into evidence without live testimony from the appropriate custodian of the A-File records and an opportunity to cross examine the custodian regarding the foundation for admission.

In response to Defendant's Objections, the Government acknowledges that many of the A-File documents contain hearsay. The Government relies on the exceptions to hearsay rule contained in Federal Rules of Evidence 803(6) and 803(8), and to some extent, the definition of hearsay in Federal Rule of Evidence 801(d)(2), in urging that the A-File exhibits are admissible. To supply the foundation required by Rules 803(6) and 803(8), the Government provided a Declaration of Authenticity from the custodian of Defendant's A-File. The Government contends that Rules 803(6) and 902(11) have done away with the necessity of live testimony to lay the foundation for and authenticate the A-File records. The Government states that it complied with the content and notice provisions of Rule 902(11); thus, according to the Government, no live testimony from the custodian is required to admit the A-File records into evidence.

In making this argument, the Government relies primarily on a recent decision by Judge Blackburn in the case of *United States v. Madrano*, No. 06-cr-00465-REB, U.S.D.C. for Colorado. However, the case at bar is readily distinguishable from the cases cited by the Government for the proposition that no live testimony is needed to lay the foundation and authenticate the contents of Defendant's A-File. For example,

in *Madrano* – and other authority cited by the Government – the defendants had a chance to confer with or cross-examine the records custodian who had supplied the declaration of authenticity.  *See, e.g., United States v. Bailey*, 133 Fed. Appx. 534, 537 (10th Cir. 2005) (unpublished) (noting that defendant "would be allowed 'any inquiry [he] wish[ed] to make' regarding the certification of the records").  Conversely, in this matter, the Government's records custodian refused to discuss Defendant's A-File with counsel for Defendant, and, indeed, the Government admits that the custodian does not have to confer with Defendant.  Thus, the conferral with the records custodian that supported admission of 803(6) evidence without live foundational testimony in previous cases has not happened in this case.

While the Court recognizes that Federal Rules of Evidence 803(6) and 902(11) were intended to minimize costly litigation over the authenticity of records like those contained in the A-File, the pre-trial cooperation that forms the basis for authentication and admission of Rule 803(6) records without live foundational testimony did not occur in this case.  Accordingly, because the Government's records custodian has refused to confer with Defendant's counsel and Defendant has not had an opportunity to vet her concerns regarding the authenticity and admissibility of the records contained in the A-File, the Court will not accept a declaration of authenticity.  The Court will expect the Government to provide the appropriate foundational testimony through an appropriate live witness.

Finally, merely because a foundation is laid which may establish that A-File records are kept in the regular course of business or are self-authenticating under Rule 902(11) does not necessarily mean that every document in the A-File will be admitted into evidence. Defendant has filed a number of objections to the Government's proposed exhibits based on relevance, hearsay, unfair prejudice, etc.

Accordingly, it is hereby ORDERED that a hearing on Defendant's objections is set for **Monday, February 9, 2009 at 8:00 a.m.**

DATED: February  5 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge